**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4388**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARK BASS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, District Judge. (5:18-cr-00424-FL-1)

Submitted: December 17, 2019                    Decided: December 19, 2019

Before KING, FLOYD, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Eric Joseph Brignac, Chief Appellate Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mark Bass pled guilty to manufacturing child pornography, in violation of 18 U.S.C. § 2251(a) (2012), and the district court sentenced him to 326 months' imprisonment to be followed by a lifetime term of supervised release. On appeal, Bass argues that the district court erred when it ordered, as special conditions of supervised release, that Bass submit to a psychosexual evaluation and physiological testing. According to Bass, the evaluations are an unnecessary deprivation of liberty and are not supported by the district court's findings. We affirm.

"District courts are afforded broad latitude to impose conditions on supervised release, which we review for abuse of discretion only." *United States v. Douglas*, 850 F.3d 660, 663 (4th Cir. 2017) (internal quotation marks omitted). "The sentencing court may impose any condition reasonably related to . . . the nature and circumstances of the offense and the history and characteristics of the defendant, protecting the public from further crimes, and providing the defendant with needed medical care or other correctional treatment[.]" *United States v. Armel*, 585 F.3d 182, 186 (4th Cir. 2009) (internal citations, quotation marks, and alterations omitted). However, the conditions imposed must involve "no greater deprivation of liberty than is reasonably necessary" to achieve the sentencing goals and must be consistent with Sentencing Commission policy statements. 18 U.S.C. § 3583(d)(2)-(3) (2012). The district court must also "demonstrate that it considered the parties' arguments and had a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Lynn*, 592 F.3d 572, 576 (4th Cir. 2010) (internal quotation marks and brackets omitted).

We conclude that, here, the district court adequately explained that Bass' sentence, including the special conditions of supervised release, was based on the need for deterrence, the protection of the public, and Bass' need for treatment. *See Douglas*, 850 F.3d at 666-67 (finding it "well within" court's discretion to impose sex-offender evaluation where it was reasonably related to offense, history and characteristics of defendant, protection of public, and defendant's need for treatment). Considering Bass' extensive history of sexually abusing young, vulnerable family members, we find that the psychosexual evaluation and physiological testing are not an unnecessary deprivation of liberty and that the district court did not abuse its discretion when it imposed these conditions of Bass' supervised release.

We therefore affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*